UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| VS ) | INDICTMENT NO. 04-10260RCL |
| ) | |
| CARLOS A. HOWELL ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT CARLOS A. HOWELL'S MOTION TO CORRECT HIS SENTENCE

The Defendant Carlos A. Howell (the "Defendant"), in the above-numbered Indictment and through Counsel, moves this Honorable Court pursuant to Federal Rule of Criminal Procedure 35 (a) Correcting Clear Error to change his sentence from 188 months to 100 months. The Court has the power to correct a sentence within seven days which resulted from arithmetical, technical or other clear error.

In support of this motion the defendant states as follows:

1. On Monday, February 13, 2006 this Court (Lindsay, J.) sentenced the defendant to One Hundred and Eighty Eight (188) months in prison based upon the Presentence Report which classified the defendant as a Career Offender. The report scored the defendant as a Level 31 Criminal History Category 6 which placed the defendant in a sentencing range of of 188 to 235 months in prison.

2. The defendant's Career Offender Status was based upon two qualifying convictions, both of which were objected to by defense counsel. This Court

denied the defendant's objections based upon the evidence it had before it at the time of sentencing

3. The second conviction probation used to qualify the defendant as a Career Offender was a conviction for Possession with Intent To Distribute a Class D substance to wit: Marijuana. Defense counsel argued that this case had been reduced to straight possession of Marijuana and thus did not qualify as a predicate conviction to enhance the defendant to Career Offender status. The evidence at the sentencing hearing did not support that position at that time.

4. On February 15, 2006, defense counsel caused Assistant Clerk John Clough of the Dorchester District Court to review the case file in question. A Tender Of Plea was discovered which was signed by the defendant, the prosecutor and the sentencing judge (Hanlon, J.) which reflects that Count A charging the defendant with possession with intent to distribute was "reduced to straight possession." (See Exhibit #1 – page 2)

5. Mr. Clough then amended the complaint nunc pro tunc to reflect the correct charge to which the defendant pled guilty; straight possession not possession with intent to distribute. (See Exhibit #1 – page 1 - 6)

6. In light of this new and corrected evidence that the defendant was not convicted of possession with intent to distribute, he does not qualify as a Career Offender

under the sentencing guidelines, USSG Sec. 4B1.2 (b) which requires a drug offense to have as an element "distribution" or "the intent to distribute" to qualify as a controlled substance offense under USSG Sec.4B1.1 (a) Based upon an incorrect docket sheet originally produced by the Dorchester District Court this Court justifiably relied upon that erroneous documentation but as such incorrectly sentenced the defendant as a Career Offender. Thus the defendant's sentence should be reduced to the non Career Offender level 25 Criminal History Category V which is 100 to 125 months.

                                                  Respectfully submitted,
CARLOS A. HOWELL,
Defendant,
By Counsel:

'/s/Walter H. Underhill, Esquire'
WALTER H. UNDERHILL
66 Long Wharf
Boston, Massachusetts   02109
(617) 523-5858

DATED: February 17, 2006

RULE 7.1 CERTIFICATION

    Defense counsel has left messages with AUSA Heinrich and spoken with APO Kelly Foster however the parties have not had an opportunity to confer on this motion.

SIGNED:        '/s/Walter H. Underhill, Esquire'

DATE:              ___February 17, 2006_____

CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) will be sent to non registered participants by first class mail.

SIGNED:   '/s/Walter H. Underhill, Esquire'
          WALTER H. UNDERHILL, ESQ.

DATE:              January 29, 2006