UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| VS ) | INDICTMENT NO. 04-10260RCL |
| ) | |
| CARLOS A. HOWELL ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT CARLOS A. HOWELL'S MOTION TO SET ASIDE SENTENCING AND FOR RESENTENCING

The Defendant Carlos A. Howell (the "Defendant"), in the above-numbered Indictment and through Counsel, moves this Honorable Court to set aside the defendant's sentence imposed on February 13, 2006 and resentence him in this case.

In support of this motion the defendant states as follows:

1. On Monday, February 13, 2006 this Court (Lindsay, J.) sentenced the defendant to One Hundred and Eighty Eight (188) months in prison based upon the Presentence Report which classified the defendant as a Career Offender. The report scored the defendant as a Level 31 Criminal History Category 6 which placed the defendant in a sentencing range of 188 to 235 months in prison.

2. The defendant's Career Offender Status was based upon two qualifying convictions, both of which were objected to by defense counsel. This Court denied the defendant's objections based upon the evidence it had before it at the time of sentencing. The evidence this Court relied upon was obtained and relied upon by the United States Department of Probation as supplied by an incorrect

certified copy of a conviction from the Criminal Clerk's Office of Dorchester District Court which misstated the crimes for which the defendant had been convicted. (See Exhibit 1 – Pages 1-6).

3. The second conviction probation used to qualify the defendant as a Career Offender was a conviction for Possession with Intent To Distribute a Class D substance to wit: Marijuana. Defense counsel argued that this case had been reduced to straight possession of Marijuana and thus did not qualify as a predicate conviction to enhance the defendant to Career Offender status. The Court ruled the evidence at the sentencing hearing did not support the defendant position at that time.

4. On February 15, 2006, defense counsel caused Assistant Clerk John Clough of the Dorchester District Court to review the case file in question. A Tender Of Plea was discovered which was signed by the defendant, the prosecutor and the sentencing judge (Hanlon, J.) which reflects that Count A charging the defendant with possession with intent to distribute was "reduced to straight possession" at the time of his Dorchester conviction on June 30, 2000. This is not a case where a defendant's prior conviction has been reduced subsequent to sentencing in the instant case. (See Exhibit #1 – page 2)

5. Mr. Clough then amended the complaint nunc pro tunc to reflect the correct charge to which the defendant pled guilty; straight possession not possession with intent to distribute. (See Exhibit #1 – page 1 - 6)

6. In light of this new and corrected evidence that the defendant was not convicted of possession with intent to distribute, he does not qualify as a Career Offender under the sentencing guidelines, USSG Sec. 4B1.2 (b) which requires a drug offense to have as an element "distribution" or "the intent to distribute" to qualify as a controlled substance offense under USSG Sec.4B1.1 (a) Based upon an incorrect docket sheet originally produced by the Dorchester District Court this Court justifiably relied upon that erroneous documentation but as such incorrectly sentenced the defendant as a Career Offender. Thus the defendant's sentence is illegal and his sentencing range under the United States Sentencing Guidelines should be reduced to the non Career Offender level 25 Criminal History Category V which is 100 to 125 months.

                                              Respectfully submitted,
                                              CARLOS A. HOWELL,
                                              Defendant,
                                              By Counsel:

                                              '/s/Walter H. Underhill, Esquire'
                                              WALTER H. UNDERHILL
                                              66 Long Wharf
                                              Boston, Massachusetts   02109
                                              (617) 523-5858

DATED: February 23, 2006

RULE 7.1 CERTIFICATION

Defense counsel has spoken and conferred with AUSA Ted Heinrich on this motion and he has stated that he has no position on the defendant's request for resentencing. The defendant has spoken with APO Kelly Foster regarding this motion and her position is that the defendant is not a "Career Offender" under the United States Sentencing Guidelines and does not object to this court granting the defendant's motion for resentencing.

SIGNED:     '/s/Walter H. Underhill, Esquire'

DATE:       February 23, 2006


CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) will be sent to non registered participants by first class mail.

SIGNED:     '/s/Walter H. Underhill, Esquire'
            WALTER H. UNDERHILL, ESQ.

DATE:       February 23, 2006