UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| United States of America<br>Plantiff,<br><br>vs.<br><br><br><br>Carlos A. Howell<br>Defendant, | §<br>§<br>§<br>§<br>§<br>§<br>§ Case No. 1:04CR-10260RCL<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**MEMORANDUM AND POINTS OF AUTHORITY
SUPPORTING DEPENDANTS
MOTION FOR MODIFICATION OF SENTENCE UNDER 18 U.S.C. 3582(C)(2)**

INTRODUCTION

On March 9, 2006 Carlos A. Howell was sentenced for distribution of cocaine base, also known as **"crack"** cocaine to serve 108 months of imprisonment and 5 years supervised release. The sentence was imposed under the sentencing guidelines, with a base offense level computed under §2D1.1 of the guidelines in effect at the time was **28**.

A three level reduction for acceptance of responsibility resulted in a base offense level of **25**, it produced a guidline range of 100-125 months. The sentence imposed by the court was 108 months of imprisonment, which was within the guideline range.

Subsequent to defendant's sentencing on November 1, 2007 an amendment to §2d1.1 of the guidelines took effect, which generally, reduces base offense levels for most quantities of crack cocaine by two levels, and, specifically reduces the base offense level for the **28 gram** quantity of crack cocaine in this case by

two levels, to 23 See: U.S.S.G. §2D1.1 this amendment was adopted in response to studies which raise grave doubts about the fairness and rational of the 100 to 1 crack/powder cocaine ratio incorporated into the sentencing guidelines  See: United States Sentencing Commission Report incorporated into the sentencing guidelines and to congress, cocaine and federal sentencing policy (May 2007) (Hereinafter 2007 Sentencing Commission Report): United States Sentencing Commission Report to Congress: cocaine and federal sentencing policy (May 2002); United States Sentencing Commission special report to congress: cocaine and federal sentencing policy (April 1997): United States Sentencing Special Report to congress: cocaine and federal sentencing policy (Feb.1995) See. also...... **Kimbrough v. United States, 128 S.Ct. 558, 568-69 (2007)** (discussing history of crack cocaine guidelines and various sentencing reports)  Yet the amendment is only a partial response as the Sentencing Commission itself recognized.

The Commission, however views the amendments only as a partial remedy to some of the problems associated with the 100 to 1 drug quanity ratio.  It is neither a permanent nor a complete solution to these problems  Any comprehensive solution requires appropiate legislative action by congress.  It is the Commission's firm desire that this report will facilitate prompt congressional action addressing the 100 to 1 drug quantity ratio, 2007 Sentencing Commission report, supra at 10.

Subsequent to the effective date of this amendment to §2D1.1 the Sentencing Commission considered whether to make the amendment retroactive under the authority created by 18 U.S.C. §3582(C)2).

It took that action on December 11, 2007 by including this amendment in the list of retroactive amendents in § 1B1.10 of the guidelines. See: 73 Fed. Reg. 217-01 (2008 based on this retroactivity, the statutory authority underlying it and the Supreme Courts intervening decisions in **Rita v. United States**, 127 S.Ct 2456 (2007) **Gall v. United States**, 128 S.Ct 586 (2007); and **Kimbrough v. United States**, supra. Carlos A Howell brings this motion to reduce his sentence

## ARGUMENT

Carlos A Howell's offense level should be reduced from 25 to 23 and the guideline range from 100 to 125 months to 84 to 105 months based on the amendment to §2D1.1 the court should not stop there. **Rita v. United States**, supra **Gall v. United States**, supra; and **Kimbrough v. United States**, supra, have created a brave new world in which the guidelines are but one of several factors to be considered under §3553(a). What the Supreme Court has described as the "overarching provision" in §3553(a) is the requirement that the courts "impose a sentence sufficient, but not greater than neccessary , to accomplish the goals of sentencing". **Kimbrough**, 128 S.Ct 570.

There are a number of non-guidlines factors that justify sentences below even the new guideline range. Consideration to which the court should give a particular weight is a consideration expressly recognized by the Supreme Court in **Kimbrough v. United States**, supra as grounds for not following the guidelines, and the questional provenace of the crack/powder cocaine ratio. As the govenerment itself acknowledge in Kimbrough, "the guidelines are now advisory and...as a general matter, courts may vary (from guideline ranges)

based soley on policy consideration, including disagreements withthe guidelines **Kimbrough, 128 S.Ct. at 570** (quoting brief for the United States 16). While the goverment then tried to distinguish policy agreement with the 100 to 1 crack/powder ratio from other policy disagreements, the Supreme Court squarely rejected that argument. See: **Kimbrough, 128 S. Ct. at 570-74.**

Indeed the court suggested that policy disagreement in this area was even more defensible than other areas  It noted that "in the ordinary cases  the commission's recommendation of a sentence will reflect a rough approximation of sentence that might achieve §3553(a) objectives". id at 574 (quoting **Rita, 127 S.Ct. at 2465**) and "so closer review may be in order when the sentencing judge varies from the guidelines based solely on the judges view that the guidelines ranges fails properly to reflect §3553(a) considerations even in a mine run case." **Kimbrough, 128 S.Ct. at 575** the court then explained that this was not the case with the crack guideline. However, the crack cocaine guidelines present no occasion for elaborative discussion of this matter because those guidelines do not exemplify the commissions excercise of its characteristic institutional role  In formulating guideline ranges for crack cocaine offenses  as we earlier noted, the commission looked to the mandatory minimum sentences set in the 1986 Act and did not take account of "empirical data and national experience "

The commission itself has reported that the crack/powder disparity produces disproportionately harsh sanctions..,i.e sentences for crack cocaine offenses "greater than necessary" in light of the purposes of sentencing set forth in §3553(a).

Given all this, it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence "greater than necessary" to achieve §3553(a) purpose, even in a mine run case. **Kimbrough, 128 S.Ct. at 574-75** (emphasis added)(citations omitted).

These concerns are only partially assuaged by the recent amendment reducing crack cocaine offense levels. Moreover, this also was recognized by the Supreme Court in **Kimbrough**:

> This modest amendment yield sentences for crack offenses between two and five times longer than sentences for equal amounts of powder. (Citation and footnote omitted) Describing the amendment as "only...partial remedy" for the problems generated by the crack/powder disparity, the Commission noted that "any comprehensive solution requires appropriate legislative action by congress."

**Kimbrough, 128 S.Ct. at 569** (quoting 2007 Sentencing Commission Report, supra...pp.3-4 at 10). **Kimbrough's** rational for varying from the crack guidelines therefore remains even after the new guidelines is applied.

Because the amended guidelines still results in sentences that are based on an unwarranted disparity and fails to serve the purposes of sentencing a district court can not automatically assume as the Commission would have it that a sentence under the amended guidelines satisfies §3553(a). Being that the court has a statutory obligation to consider the applicable §3553(a) factors when imposing a new sentence under §3582(C)(2), the Commission's policy statement to the contrary is invalid.

## CONCLUSION

It is respectfully prayed that this Honorable court take consideration of the recognized disparity set forth under the crack/powder cocaine guidelines. The Sentencing Commission has deemed the retroactive crack-cocaine guideline amendment a temporary fix in nature and scope. Moreover, as the guidelines are now advisory this court would be within its discretion sentencing the defendant to a sentence outside of the amended guideline range. A sentence of 63 months would be sufficient, but not greater than neccessary, to comply with the purposes of sentencing set forth in §3553(a). Defendant prays this Honorable court consider that had defendant been sentence for the same amount of powder cocaine the sentencing range would be 33-41 months of imprisonment, thus defendant would ask this Honorable court to impose a sentence of 63 months, the mandatory minimum required by statute 21 U.S.C. §841(a)(1)and(1)(b)(iii).

Respectfully Submitted this __13__ day of __MARCH__ 2008.

*Carlos A. Howell*
Carlos A. Howell, Pro-Se
Reg. No. 25354-038
F.M.C. Devens
P.O. Box 879
Ayer, MA 01432

## PROOF OF SERVICE

I, Carlos A. Howell, Certify that on **MArch 13**, 2008., mailed a copy of this document via First Class Mail to the following parties at the addresses stated below:

United States Attorney's Office
1 CourtHouse Way
Suite 9200
Boston, MA 02210

Clerk of Courts
1 Courthouse Way
Boston, MA 02210

## CERTIFICATE OF SERVICE FOR INCARCERATED PETITIONERS

In addition to the foregoing Certificate of Service, Petitioner, who is currently incarcerated, includes the following statement with all documents to be filed with the court:

I certify that this document was given to officials on this date for forwarding to the parties stated above. I further certify under penalty of perjury that the foregoing is true and correct. **Title 28 U.S.C. §1746.**

RESPECTFULLY SUBMITTED THIS **13** DAY OF **MARCh**, 2008.

*Carlos A. Howell*
Carlos A. Howell, Pro-Se
Reg. No. 25354-038
F.M.C. Devens
P.O. Box 879
Ayer, MA 01432

---

[1]Pleadings by prisoners who represent themselves are to be considered filed at the moment such pleading are delivered to prison authorties for forwarding to the Clerk of Court. See: **Houston v. Lack**, 487 U.S. 266 (1988).