```
 1              UNITED STATES DISTRICT COURT
 2            FOR THE DISTRICT OF MASSACHUSETTS
 3
 4
 5    UNITED STATES        )    CR. NO. 04-10260-RCL
 6    VS.                  )    COURTROOM NO. 12
 7    CARLOS A. HOWELL,    )    1 COURTHOUSE WAY
 8       DEFENDANT              BOSTON, MA  02210
 9
10
11                       SENTENCING
12                     MARCH 9, 2006
13                       3:08 P.M.
14
15
16
17
18    BEFORE THE HONORABLE REGINALD C. LINDSAY
19         UNITED STATES DISTRICT COURT JUDGE
20
21
22
23
24              VALERIE A. O'HARA
25           OFFICIAL COURT REPORTER
```

1  A P P E A R A N C E S:

2      United States Attorney's Office, by THEODORE B. HEINRICH, ASSISTANT UNITED STATES ATTORNEY, One Courthouse
3  Way, Suite 9200, Boston, Massachusetts  02210, for the United States;

4
       Law Office of Walter H. Underhill, by WALTER H.
5  UNDERHILL, ESQ., 66 Long Wharf, Boston, Massachusetts 02110, for the Defendant.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1                      PROCEEDINGS
 2           THE CLERK:  All rise.  Criminal Action
 3   No. 04-10260, United States versus Carlos Howell, would
 4   counsel please state your name for the record.
 5           MR. HEINRICH:  Good afternoon, Ted Heinrich for
 6   the government.
 7           THE COURT:   Good afternoon.
 8           MR. UNDERHILL:  Good afternoon, Walter Underhill
 9   for defendant.
10           THE COURT:  Mr. Underhill, good afternoon to you
11   both.  I apologize for being very late for this afternoon.
12   The responsibility is not mine, it's the Chief Judge who
13   asked me to accompany him to a meeting this afternoon which
14   I thought would be over in a timely fashion, but here I am.
15   I just got back, so my apologies.  I was driving, I could
16   have left him, I suppose, but I'm not sure I'd hear the end
17   of that.  All right.  Mr. Underhill, you have a motion which
18   you brought under Rule 35, did you not?
19           MR. UNDERHILL:  Well, the original one, I did,
20   your Honor.
21           THE COURT:   You've got another one?
22           MR. UNDERHILL:  There are two filed.  The original
23   one was under Rule 35.  I believe, I don't have the rule
24   book in front of me to correct the sentence based upon
25   error, mistake, clerical mistake.
```

1          THE COURT:  Okay.
2          MR. UNDERHILL:  That gave the Court.
3          THE COURT:  You take the broad view, but, go
4     ahead.
5          MR. UNDERHILL:  Then I filed an additional motion
6     which has essentially the same facts stated in it.  It's
7     Defendant Carlos Howell's motion to set aside sentencing and
8     for resentencing, and that does not mention Rule 35.
9          THE COURT:  All right.  I understand that what
10    you have proposed is we had the discussion at the time of
11    the original sentence that Mr. Howell had two predicate
12    offenses; is that right?
13         MR. UNDERHILL:  I apologize.
14         THE COURT:  He had two predicate offenses which
15    together with the offenses in this case made him eligible
16    for career offender status.  At the time of the original
17    sentencing, you raised a question about one of those
18    predicate offenses was in fact a crime of violence, I
19    believe, did you not?
20         MR. UNDERHILL:  No, no, that's not true, your
21    Honor.  That's not accurate, your Honor.  I raised -- I
22    objected to -- there are only two qualifying convictions.  I
23    raised the objection to both of them.  The one that is at
24    issue here is the second conviction upon which Mr. Howell
25    was eligible for the career offender, and it was the

1       possession to distribute Class D.
2               THE COURT:  So it's not a crime of violence, it's
3       a drug offense, and it's the question of mere presence or
4       drug trafficking?
5               MR. UNDERHILL:  That's correct.  It's clear from
6       the evidence I obtained unfortunately after sentencing that
7       the Dorchester District Court's sheet was incorrect, and,
8       your Honor, you should have the exhibits before you, if you
9       don't --
10              THE COURT:  You better give it to me because I
11      grabbed them as I quickly left my chambers, and I'm not sure
12      I picked up everything.
13              MR. UNDERHILL:  That's fine.  These are the actual
14      original certified copies.
15              THE COURT:  You showed them to Mr. Heinrich, did
16      you?
17              MR. HEINRICH:  Yes.
18              MR. UNDERHILL:  He has the copy from the motion.
19              THE COURT:  Okay.  It says that the original, it
20      the criminal complaint shows drug possession to distribute
21      Class D, and it shows that it has been amended to be merely
22      possession; is that right?
23              MR. UNDERHILL:  That is correct, your Honor.  It
24      is amended to be mere possession.  Based upon the mistake of
25      the clerk at the time, the case was disposed of back in I

1  believe it was 2000, yes, June 30th, 2000, and part of the
2  exhibits that you have there that were made part of the
3  motion electronically filed there is the tender of plea or
4  admission waiver of rights, and it's clear there that
5  Count 1, which at the time of sentencing based upon the
6  document sheet provided to probation by Dorchester District
7  Court, reflected possession with intent to distribute.  What
8  in fact the document sheet clearly reflects -- do you have
9  it there?
10          THE COURT:   I do.
11          MR. UNDERHILL:   Reduced to straight 18 months with
12  testing and evaluation for drug addiction by probation
13  and --
14          THE COURT:   Treatment as deemed necessary.
15          MR. UNDERHILL:   I couldn't read that.  Thank you,
16  your Honor.  That is signed off by defendant, his attorney,
17  the Court and the prosecutor.  Based upon the clerical
18  error, the Dorchester District Court, the clerk, upon
19  receiving the documents amended the complaint nunc pro tunc
20  back to June 30th, 2000, so for all intents and purposes,
21  well, not for all intents and purposes, the correct charge
22  that Mr. Howell pled guilty to was not possession with
23  intent to distribute but mere possession, and, therefore,
24  that charge does not qualify as a career offender predicate.
25          THE COURT:   Mr. Heinrich, do you have anything

```
 1   you wish to say about this?
 2             MR. HEINRICH:  No, I think that that is correct.
 3             THE COURT:  Okay.  All right.  Then if the
 4   predicate -- my recollection was that at paragraph 49 or was
 5   it 46?
 6             MR. UNDERHILL:  One moment, your Honor.  That is
 7   paragraph 47, your Honor.
 8             THE COURT:   47.
 9             MR. UNDERHILL:  Yes, page 14.
10             THE COURT:  If that offense is revised, as
11   Mr. Underhill just described, there are not predicate
12   offenses for the application of the career offender status,
13   are there?
14             MR. UNDERHILL:  No, there are not, your Honor.
15             THE COURT:  Then we return then to the guideline
16   offense level computation without the career offender; is
17   that right?
18             PROBATION OFFICER:  That's right.
19             THE COURT:  And without the application for
20   career offender status, we have offense level 25 and
21   criminal history category.
22             MR. UNDERHILL:  5, your Honor.
23             THE COURT:   5.  And offense level 25, criminal
24   history category 5 results in a term of imprisonment of 100
25   to 225 months, and what happens with the fine?
```

1         PROBATION OFFICER:  The fine is $10,000 to
2    $2 million.
3         THE COURT:  Supervised release?
4         PROBATION OFFICER:  Is the same.
5         MR. HEINRICH:  Five.
6         PROBATION OFFICER:  Five.
7         THE COURT:  Five years, okay.  Does the government
8    have a recommendation?
9         MR. HEINRICH:  The government is simply
10   recommending that the Court impose a sentence within the
11   guideline range.  I think the Court had concluded at the
12   earlier hearing that no downward departure was warranted
13   given the facts of this case, particularly the defendant's
14   prior firearm possession convictions, although they didn't
15   qualify as career offender predicate, it certainly has a
16   very serious prior criminal history.
17        THE COURT:  Thank you, Mr. Underhill.
18        MR. UNDERHILL:  Your Honor, I agree that the
19   guideline is 100 to 125 months.  I would ask the Court adopt
20   the 3553 factors.  I adopt everything I said at the original
21   sentencing hearing with regards to Mr. Howell.  There is no
22   doubt Mr. Howell had a period of time in his criminal
23   history where he was demonstrably out of control, but in
24   looking at it, your Honor, one of the things I noticed is
25   that although he has had a lot of court contact, the worst

1    of his record seems to have occurred, whether it be charges
2    that were dismissed or charges that resulted in conviction,
3    in his early 20's, in his 20's.
4        He's 36 years old now, and although he's had some
5    other with the Court, the worst contact he had was the case
6    in Dorchester back in 2000 where he demonstrates that he has
7    a marijuana problem, which he admits to in his -- he has
8    admitted to probation marijuana and alcohol problem.  He's
9    not a drug -- this is a drug offense.
10       I made the argument at the original sentencing,
11   your Honor, that he was muddled in this particular case by a
12   friend and the mother of his child who would also been
13   involved in helping this woman obtain cocaine, and he did it
14   for the purpose of making some money to buy alcohol or
15   marijuana, very small amount of money, and also to do her a
16   favor so she could hire a lawyer when in fact she was
17   working for the government.
18       The government wanted him to be an informant in
19   this case against somebody that they were trying to get, he
20   chose not to, but the fact of the matter is, your Honor, I
21   think that taking the totality of circumstances about
22   Mr. Howell, his background, his upbringing, his pretty much
23   lack of opportunity that a sentence could be severe enough,
24   lower than the 100 months in level 25, category 5, and I
25   would ask the Court to impose a sentence of 80 months --

1    THE COURT:  Okay.
2    MR. UNDERHILL:  -- under 3553(a).  I think it's
3    warranted, and I would ask the Court to reconsider that.
4    THE COURT:  All right.  Mr. Underhill,
5    Mr. Howell, is there anything you'd like to tell me before
6    sentence is imposed?
7    THE DEFENDANT:  I just want to apologize to the
8    Court for my bad choice.  I was wrong, I should have never
9    got involved in that situation with her, I did that because
10   I had a problem, I need to address my problem, and that's
11   what I need to do, and that's what I want to do now and I
12   apologize now.
13   THE COURT:  All right.  Thank you very much.
14   Mr. Heinrich, is there any reason why I should not now
15   impose sentence?
16   MR. HEINRICH:  No, your Honor.
17   THE COURT:  Mr. Underhill.
18   MR. UNDERHILL:  No, your Honor.
19   THE COURT:  All right.
20   THE COURT:  Mr. Howell, if you'll stand, please.
21   Mr. Howell, pursuant to the Sentencing Reform Act and having
22   considered all the sentencing factors that are set forth in
23   the statute, it's my judgment that you be committed to the
24   custody of the Bureau of Prisons to be imprisoned for a term
25   of 108 months.  I will make a judicial recommendation that

1   you participate in the Bureau of Prisons 500-hour
2   residential drug substance abuse program.
3           Upon your release from imprisonment, you'll be
4   placed on supervised release for a term of five years.
5   Within 72 hours of your release from the custody of the
6   Bureau of Prisons, you'll be reporting in person to the
7   district in which you are released.  While you're on
8   supervised release, you'll comply with the following terms
9   and conditions, not commit another federal, state or local
10  crime, and you will not possess, illegally possess a
11  controlled substance.
12          You will refrain from any unlawful use of a
13  controlled substance, will submit to one drug test within 15
14  days of your release from the Bureau of Prisons and at least
15  two periodic drug tests thereafter not to exceed 104 tests
16  per year.  You're obliged to commit to the collection of a
17  DNA sample.  You will also comply with the standard
18  conditions that are set forth in the guidelines.
19          You are prohibited from possessing a firearm or
20  destructive device or other dangerous weapon.  You will meet
21  with the Department of Revenue within the first 60 days of
22  the period of supervised release to determine your
23  responsibilities for child support, you're not to consume
24  any alcoholic beverages while you're on supervised release,
25  and you are to participate in the program for abuse

1   counseling as directed by the probation officer.  That
2   program may include testing not to exceed 104 drug tests per
3   year.
4           To the extent you can pay for this program, you
5   will be required to do that either directly or through
6   third-party payment.  I'm not going to impose a fine.  I've
7   specifically determined that you do not have the resources
8   to pay a fine.  I am imposing, as I'm required to do, the
9   $100 special assessment on the single count conviction.  Any
10  questions?
11          THE DEFENDANT:  No.
12          THE COURT:  All right.  Let me advise you, sir,
13  as I did before that there's no plea agreement, is there?
14          MR. UNDERHILL:  No plea agreement.
15          THE COURT:  You have a right to appeal your
16  conviction if you conclude that your plea was not
17  voluntarily and knowingly given or you think there's some
18  fundamental defect not waived by your guilty plea.  You have
19  a right under certain circumstances to appeal the sentence
20  I've imposed particularly if you believe that the sentence
21  is contrary to law.
22          Any appeal that you wish to file must be initiated
23  by the filing of a notice of appeal, and upon a filing
24  notice of appeal, there's a filing fee.  If you wish to
25  appeal but you're not able to pay the filing fee, you should

1  notify the clerk of this court to that effect, and the clerk
2  will prepare and file the notice of appeal on your behalf.
3          I don't think there's anything further, if there's
4  not, then we are adjourned.
5          MR. UNDERHILL:  Thank you, very much your Honor.
6          THE COURT:  And again I apologize for the long
7  delay.
8          (Whereupon, the hearing was suspended at
9  4:19 p.m.)
10                         - - - -
11                    C E R T I F I C A T E
12 UNITED STATES DISTRICT COURT )
13 DISTRICT OF MASSACHUSETTS    )
14 CITY OF BOSTON               )
15         I, Valerie A. O'Hara, Registered Professional
16 Reporter, do hereby certify that the foregoing transcript
17 was recorded by me stenographically at the time and place
18 aforesaid in United States vs. Carlos Howell,
19 No. 04-10260-RCL and thereafter by me reduced to typewriting
20 and is a true and accurate record of the proceedings.
21                         /S/ VALERIE A. O'HARA
                           _____
22                         VALERIE A. O'HARA
23                         REGISTERED PROFESSIONAL REPORTER
24
25